**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LISETTE FIERRO,<br><br>     Plaintiff,<br><br>v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>     Defendant. | Case No. 2:25-cv-02365-ART-NJK<br><br>**Order**<br><br>[Docket No. 16] |

Pending before the Court is the parties' stipulation to extend case management deadlines by 60 days.  Docket No. 16.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing."  *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed."  *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue.  *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on January 28, 2026, setting the discovery cutoff on May 25, 2026. Docket No. 11. On February 27, 2026, the Court granted the parties' first stipulation to extend case management deadlines by 45 days. Docket No. 13; *see also* Docket No. 12. On April 20, 2026, the Court denied the parties' second stipulation to extend case management deadlines by 60 days and explained that the parties submitted the same reasons in their previous extension request and failed to explain why they were not able to schedule depositions in the nearly two months since the previous request. Docket No. 15.

In the instant stipulation, the parties submit that an extension is warranted because the parties need to schedule Plaintiff's deposition while Plaintiff is in the process of moving to Texas, Plaintiff's counsel will begin a two week jury trial in May, the parties intend to attend mediation without much additional cost and expense, the parties need to schedule additional depositions but holiday and vacation schedules have slowed their progress, and the parties seek to complete additional discovery. Docket No. 16 at 3-5. Further, the parties submit that they tried to schedule Plaintiff's deposition within the original discovery deadlines but that became impossible because Defendant's counsel was abroad, Plaintiff is moving to Texas, and Plaintiff's counsel begins trial on May 5, 2026. *Id.* at 4. The instant stipulation fails to provide a specific description of the discovery that remains to be completed, *see* Docket No. 16 at 3 ("the parties continue to work to schedule fact witness depositions"), and a proposed schedule for completing all remaining discovery. *See* Local Rule 26-3(b), (d). Further, counsel's busy schedule and settlement discussions do not establish good cause for an extension. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-81 (D. Nev. 2022). Additionally, the need to complete discovery and

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

schedule depositions amidst holiday and vacation schedules and the presence of parties in different states occurs regularly in cases in this district and, therefore, does not establish good cause for an extension.

Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy to the parties, the Court will grant a 30-day extension of the subject deadlines.  Accordingly, the Court **GRANTS** in part and **DENIES** in part the parties' stipulation and **RESETS** case management deadlines as follows:

- Initial experts:  June 10, 2026
- Rebuttal experts:  July 13, 2026
- Discovery cutoff:  August 10, 2026
- Dispositive motions:  September 9, 2026
- Pretrial order:  October 9, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3