UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISETTE FIERRO, Plaintiff, v. GEICO ADVANTAGE INSURANCE COMPANY, Defendant. | Case No. 2:25-cv-02365-ART-NJK ORDER |

Plaintiff Lisette Fierro was in a car accident with Aimee Lynne Steingraber, who was insured by Defendant Geico Advantage Insurance Company ("Geico"). (ECF No. 1-1.) Ms. Steingraber and Ms. Fierro entered into a "Covenant Not to Execute," where in exchange for an agreement that Ms. Fierro would not seek to enforce a judgment against Ms. Steingraber, Ms. Fierro was assigned her rights against Geico. (*Id.* at ¶ 27.) Ms. Fierro obtained a default judgment against Ms. Steingraber and now seeks to recover that entire judgment from Geico. Before the Court is Geico's motion to dismiss several claims alleged in Ms. Fierro's complaint. (ECF No. 4.) As detailed below, the Court grants Geico's motion to dismiss.

## I. FACTS AND PROCEDURAL HISTORY

In 2021, Ms. Fierro was involved in a car accident with Ms. Steingraber. (ECF No. 1-1 at ¶ 7.) Ms. Fierro subsequently "reported a bodily injury claim" and "made a policy limit demand" to Ms. Steingraber's insurance carrier, Geico, who confirmed coverage for the subject loss and determined that Ms. Steingraber was at fault for causing the collision. (*Id.* at ¶ 10.) Ms. Fierro then made a policy limit demand. (*Id.* at ¶ 11.) Geico responded with several offers between $35,635,00 and $57,000, in exchange for a complete release of all claims against Ms. Steingraber. (*Id.*) Ms. Fierro did not accept these offers because, at the time, she

had $36,611.48 in past medical damages and recommendations for "significant future treatment due to a disc injury suffered in the collision." (*Id.*)

In 2024, Ms. Fierro and Ms. Steingraber entered into a "Covenant Not to Execute," which allowed Ms. Fierro to file suit against Ms. Steingraber. (*Id.* at ¶ 27.) In exchange for an agreement that Ms. Fierro would not seek to enforce the judgment against Ms. Steingraber, she assigned her rights against Geico to Ms. Fierro and agreed that she would not defend against Ms. Fierro's personal injury lawsuit. (*Id.*) Ms. Steingraber subsequently defaulted in the suit against her, and Ms. Fierro obtained a $5,878,473.93 default judgment against Ms. Steingraber. (*Id.* at ¶¶ 38–39; ECF No. 1-2 at 29–31.)

Ms. Fierro filed the instant case on July 23, 2025, alleging the following claims: (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) contractual breach of the implied covenant of good faith and fair dealing; (4) statutory unfair claims practice; (5) declaratory relief; (6) satisfaction and enforcement of judgment; and (7) absolute liability pursuant to NRS 485.3091. (ECF No. 1-1.) Geico then removed to this Court based on diversity jurisdiction (ECF No. 1 at 2–3), and filed the instant motion to dismiss. (ECF No. 4.) Ms. Fierro responded (ECF No. 6), and Geico replied. (ECF No. 8.)

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To sufficiently allege a claim, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* Similarly, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Iqbal,* 556 U.S. at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal,* 556 U.S. at 678).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). In accordance with Rule 15(a), the court should freely give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

As stated, Ms. Fierro's complaint asserts the following claims: (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) contractual breach of the implied covenant of good faith and fair dealing; (4) statutory unfair claims practice; (5) declaratory relief; (6) satisfaction and enforcement of judgment; and (7) absolute liability pursuant to NRS 485.3091. (ECF No. 1-1.) By the instant motion to dismiss, however, Geico only moves to

dismiss Ms. Fierro's causes of action for tortious breach of the implied covenant of good faith and fair dealing, contractual breach of the implied covenant of good faith and fair dealing, declaratory relief, satisfaction and enforcement of judgment, and absolute liability pursuant to NRS 485.3091. (ECF No. 4.) The motion does not seek dismissal of Ms. Fierro's claims for breach of contract and statutory unfair claims practice. The Court discusses these claims below, beginning with Ms. Fierro's claim for tortious breach of the implied covenant of good faith and fair dealing.

### A. Tortious Breach of Implied Covenant of Good Faith and Fair Dealing

Ms. Fierro's second claim alleges tortious breach of the implied covenant of good faith and fair dealing for Geico's unreasonable refusal to settle with Ms. Fierro for the policy limit. (ECF No. 1-1 at ¶ 67–109.) Geico argues that Ms. Fierro alleges no facts showing an unreasonable denial or delay as is required to state a claim for tortious breach of the implied covenant of faith and fair dealing, and instead only alleges a genuine dispute over valuation. (ECF No. 4 at 8–9.)

To allege tortious breach of the implied covenant, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991); *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986). "[B]ad faith requires [an insurer's] denial of benefits to be both objectively and subjectively unreasonable." *Rivas v. Gov't Employees Ins. Co.*, No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020). An insurer's honest mistake, bad judgment, or negligence is not enough. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 330 (Nev. 2009).

An insurer's knowing "unreasonable denial or delay in payment of a valid claim" is grounds for a bad faith claim. *Guaranty Nat. Ins. Co. v. Potter*, 912 P.2d

267, 272 (Nev. 1996). Similarly, an insurer's failure to adequately inform the insured about a reasonable settlement offer can also be grounds for a bad faith claim. *See Miller*, 212 P.3d at 315. However, "an insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1053 (D. Nev. 2017).

Ms. Fierro's complaint identifies several types of action taken by Geico which she believes evidence its bad faith. (*See* ECF No. 1-1 at ¶¶ 11–39, 67–109.) These allegations, however, are conclusory and unsupported by facts that make an inference of culpability plausible, as evidenced by the complaint's repeated use of "on information and belief." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth.) These conclusory allegations fail the Fed. R. Civ. P. 8(a)(2) pleading standard, which requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Once these conclusory allegations are stripped away, Ms. Fierro's claim essentially concerns the value of her claim, namely that Geico failed to settle for the policy limit, and instead offered between $35,635,00 and $57,000. However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua*, 262 F. Supp. 3d at 1053. Ms. Fierro must allege facts to support her claim that Geico knew it delayed or denied coverage unreasonably or, alternatively, that it recklessly disregarded its lack of a reasonable basis for denying the claim. Accordingly, the Court dismisses this claim but with leave to amend because it is not clear that amendment would be futile.

### B. Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing

In Ms. Fierro's third claim, for contractual breach of the implied covenant of good faith and fair dealing, she alleges that Geico was deliberately unfaithful to the purpose of the insurance policy. (ECF No. 1-1 at ¶¶ 110–122.) Geico argues that Ms. Fierro "fails to identify any deliberate conduct designed to undermine the insurance policy, while still complying with the literal terms of the policy." (ECF No. 4 at 10.)

Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and the spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract." *Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019). "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Id.* (quotation omitted).

Here, Ms. Fierro fails to allege any deliberate conduct that Geico took to undermine the insurance policy, and instead alleges only that Geico "breached the duties owed by performing in a manner that was unfaithful to the purpose of the contract." (ECF No. 1-1 at ¶¶ 110–122.) Without specific factual allegations concerning how Geico was unfaithful to the purpose of the agreement, Ms. Fierro's allegations are merely conclusory and therefore not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court finds that Ms. Fierro has failed to sufficiently allege a claim for contractual breach of the implied covenant of good faith and fair dealing, but

dismisses this claim with leave to amend.

**C. Declaratory Relief**

Ms. Fierro's third claim alleges that she is "entitled to obtain a judicial determination as to entitlement to benefits under the insurance contract." (ECF No. 1-1 at ¶ 148.) Geico moves to dismiss Ms. Fierro's declaratory relief claim because it is redundant of substantive claims pled in the complaint, such as breach of contract. (ECF No. 4 at 10–11.)

"Declaratory relief should be denied where it is redundant or where it will serve no purpose in clarifying the dispute between parties." *Clifford v. Geico Cas. Co.*, 428 F. Supp. 3d 317, 326 (D. Nev. 2019) (citing *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)). Here, Ms. Fierro's declaratory relief claim serves no purpose. Her claim requests the Court to "adjudicate the rights of the parties herein under the applicable contract of insurance." (ECF No. 1-1 at ¶ 146.) The Court, however, will necessarily determine the rights of the parties under the insurance policy when it evaluates Ms. Fierro's breach of contract claim. Accordingly, Ms. Fierro's declaratory relief claim is dismissed without prejudice, and with leave to amend.

**D. Satisfaction and Enforcement of Judgment and Absolute Liability Pursuant to NRS 485.3091**

Ms. Fierro's sixth and seventh claims are for satisfaction and enforcement of judgment, and absolute liability pursuant to NRS 485.3091, respectively. (ECF No. 1-1 at ¶¶ 152–161.) Geico argues that both claims should be dismissed because they are unsupported requests for a remedy, and not substantive causes of action. (ECF No. 4 at 11–13.)

In Nevada, all motor vehicles must be insured for at least $15,000 for bodily injury or death liability per incident, and $10,000 in property damage liability. NRS 485.185; NRS 485.3091(1)(b)(1), (1)(b)(3). NRS 485.3091 also contains an absolute-liability provision that states that

> [e]very motor vehicle liability policy is subject to the following provisions which need not be contained therein:
>
> (a) The liability of the insurance carrier with respect to the insurance required by this chapter becomes absolute whenever injury or damage covered by the policy occurs. The policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage. No statement made by the insured or on behalf of the insured and no violation of the policy defeats or voids the policy.

NRS 485.3091(5)(a).

Both claims are not independent, free-standing causes of action, but rather, support Ms. Fierro's ability to collect the entire judgment, if she succeeds in proving her other causes of action. *See Pettit v. Pulte Mortg. LLC,* No. 11-CV-00149-GMN-PAL, 2011 WL 5245455, at *4 (D. Nev. Nov. 1, 2011) (dismissing plaintiff's cause of action for "refund, fees, and costs" because it was a remedy, and not a cause of action).

Additionally, NRS 485.3091 does not create a private right of action, and instead sets out motor vehicle liability policy requirements. "[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strong suggests that the Legislature did not create a privately enforceable judicial remedy." *Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 101 (Nev. 2008). Accordingly, the Court grants Geico's motion, with prejudice, to the extent it seeks dismissal of separate causes of action for "satisfaction and enforcement of judgment" and absolute liability under NRS 485.3091.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Geico's motion to dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Claims 6 and 7 are dismissed with prejudice.

IT IS FURTHER ORDERED that Claims 2, 3, and 5 are dismissed without prejudice, and with leave to amend. If Ms. Fierro chooses to file a first amended complaint curing the deficiencies of her complaint, as outlined in this order, Ms. Fierro shall file the first amended complaint **within 30 days**.

DATED THIS 24th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE